# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph deSimone

**DEFENDANTS**
Eversana Life Science Services, LLC

**(b)** County of Residence of First Listed Plaintiff: **Chester County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Bucks County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq., Console Mattiacci Law, LLC
1525 Locust St., 9th Fl., Philadelphia, PA 19102 (215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*CIVIL RIGHTS*
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

*PRISONER PETITIONS*

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.

Brief description of cause:
Plaintiff was discriminated against because of his age.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/28/2021
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __West Chester, PA__

Address of Defendant: __790 Township Line Road, Suite 300, Yardley, PA__

Place of Accident, Incident or Transaction: __790 Township Line Road, Suite 300, Yardley, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/28/2021__    _/s/ Brian C. Farrell_    __319145__
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Brian C. Farrell__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: __10/28/2021__    _/s/ Brian C. Farrell_    __319145__
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Joseph deSimone | : | CIVIL ACTION |
| v. | : | |
| Eversana Life Science Services, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.           ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                       ( X )

| 10/28/2021 | *[signature]* | Plaintiff, Joseph deSimone |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DESIMONE<br><br>              **Plaintiff,**<br><br>v.<br><br>EVERSANA LIFE SCIENCE SERVICES, LLC<br><br>              **Defendant.** | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**I.   INTRODUCTION**

Plaintiff Joseph deSimone brings this civil action against Defendant Eversana Life Science Services, LLC, his former employer, for violations of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff seeks damages, including economic, compensatory, liquidated, attorneys' fees, and all other relief that this Court deems appropriate.

**II.   PARTIES**

1.   Plaintiff Joseph deSimone ("Plaintiff") is a U.S. citizen and resident of Pennsylvania. Plaintiff currently resides in West Chester, Pennsylvania 19380.

2.   Plaintiff was born in 1956 and is currently 65 years old. Plaintiff was 63 at the time Defendant terminated his employment.

3.   Defendant Eversana Life Sciences Services, LLC ("Defendant"), is a limited liability corporation organized and existing under the laws of Wisconsin, with its principal place of business located at 190 N. Milwaukee Street, Milwaukee, Wisconsin 53202.

1

4. Defendant is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

5. At all times material to this complaint, Plaintiff worked out of Defendant's offices located at 790 Township Line Road, Suite 300, Yardley, Pennsylvania 19067.

6. At all times material to this complaint, Defendant employed more than twenty (20) employees.

7. At all times material to this complaint, Defendant acted by and through its authorized agents and/or employees, each of whom acted within the course and scope of their authority and employment with Defendant.

8. At all times material to this complaint, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9. At all times material to this complaint, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.   JURISDICTION AND VENUE

10. The causes of action which form the basis of this matter arise under the ADEA, 29 U.S.C. §621, *et seq.*, and the PHRA, 43 P.S. §951, *et seq.*

11. The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

12. The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

13. Venue is proper in the District Court under 28 U.S.C. §1391(b).

14. On or about March 4, 2020, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination

alleged herein. This Charge was cross-filed with the United States Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Charge of Discrimination, with personal identifying information redacted.

15. On or about August 2, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice, with personal identifying information redacted.

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.   FACTUAL ALLEGATIONS

17. Defendant is a company that specializes in providing global commercialization services to the life science industry. According to its website, Defendant "serve[s] more than 500 organizations, including innovative start-ups and established pharmaceutical companies to advance life science solutions for a healthier world."

18. Defendant hired Plaintiff in or about March 2008 and ultimately terminated his employment on February 5, 2020.

19. At all relevant times, Plaintiff held the position of Executive Director, Business Services in Defendant's commercial department.

20. In or about June 2019, Defendant assigned Plaintiff to a new supervisor: Janine Spaulding ("Spaulding"), Executive Vice President – Business Development. Spaulding reported to Gregory Skalicky ("Skalicky"), Chief Revenue Officer.

21. Neither Spaulding nor Skalicky played any role in Defendant's decision to hire Plaintiff in March 2008.

22. Plaintiff (63) was the oldest employee reporting directly to Spaulding.

23. On or about February 5, 2020, during a meeting with Spaulding and Kevin Horak, Human Resources Director, Defendant abruptly terminated Plaintiff's employment, effective that day.

24. Plaintiff was blindsided by the news of his termination. Prior to February 5, 2020, Plaintiff had no indication that his job was in jeopardy.

25. Defendant's stated reason for Plaintiff's termination was "position elimination" as part of a reduction in force.

26. Defendant retained substantially younger employees similarly situated to Plaintiff in connection with the February 5, 2020 reduction in force, including, but not limited to: Amanda Aranha (age 32); Rebecca Mulato (age 44); and Daniel Gober (age 52). These employees held the same position as Plaintiff (Executive Director, Business Services) and also reported directly to Spaulding at the time of the reduction in force.

27. Upon information and belief, Defendant reassigned Plaintiff's job duties to three substantially younger employees: Amy Campion (age 40); Rebecca Mulato (age 44); and Daniel Gober (age 52).

28. Defendant presented Plaintiff with a Separation Agreement and General Release in connection with the February 5, 2020 reduction in force, which Plaintiff did not sign.

29. The Separation Agreement and General Release contained certain informational disclosures and demographic information for the reduction in force as required by the Older Workers Benefit Protection Act ("OWBPA").

30. In the document entitled "OWBPA Group Termination Disclosure" ("OWBPA Notice"), Defendant set forth the job titles and ages "of employees who were and were not selected

4

for termination" in connection with the February 5, 2020 reduction in force.

31. The OWBPA Notice indicated that Defendant terminated only two employees in the reduction in force, including Plaintiff. The other employee—a "Sr. Director Business Development"—was 55 years old at the time.

32. The OWBPA Notice indicated that Defendant retained four substantially younger employees who also held the position of Executive Director, Business Development.

33. Defendant's OWBPA Notice did not comply with the informational disclosure requirements of the OWBPA because it did not contain the job titles and ages of several employees in Defendant's commercial department at the time of the reduction in force.

34. Defendant's stated reason for Plaintiff's termination was a pretext for unlawful age discrimination.

35. Defendant terminated Plaintiff's employment because of his age (63).

36. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

### COUNT I – ADEA
### (Disparate Treatment Based on Age)
### Plaintiff v. Defendant

37. Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

38. Defendant intentionally discriminated against Plaintiff based on his age.

39. By committing the foregoing acts of age discrimination against Plaintiff, including, without limitation, terminating Plaintiff employment, Defendant has violated the ADEA.

40. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

41. Defendant's violations of the ADEA were intentional and willful under the circumstances and warrant the imposition of liquidated damages.

## COUNT II - PHRA
### (Disparate Treatment Based on Age)
### Plaintiff v. Defendant

42. Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

43. Defendant intentionally discriminated against Plaintiff based on his age.

44. By committing the foregoing acts of age discrimination against Plaintiff, including, without limitation, terminating Plaintiff employment, Defendant has violated the PHRA.

45. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

## RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant him the following relief by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g) awarding liquidated damages to Plaintiff under the ADEA;

(h) awarding Plaintiff such other damages as are appropriate under the ADEA and PHRA;

(i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

                                        **CONSOLE MATTIACCI LAW, LLC**

By: /s/ Brian C. Farrell
     Brian C. Farrell, Esquire
     Console Mattiacci Law, LLC
     1525 Locust Street, Ninth Floor
     Philadelphia, PA 19102
     (215) 545-7676
     (215) 565-2851 (fax)
     farrell@consolelaw.com
     Attorney for Plaintiff, Joseph deSimone

Date: October 28, 2021

# Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |
|---|---|
| Joseph DeSimone,<br>    Complainant<br><br>    v.<br><br>Eversana Life Sciences Services, LLC,<br>    Respondent | :<br>:<br>:<br>:<br>: PHRC Case No. 201903847<br>:<br>: EEOC No. 17F202061381<br>:<br>: |

## COMPLAINT

### JURISDICTION

1.    Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2.    The Complainant herein is:

    Joseph DeSimone
    [redacted]

3.    The Respondent herein is:

    Eversana Life Sciences Services, LLC
    790 Township Line Road, Suite 300
    Yardley, PA 19067

Received
MAR 04 2020
PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:

JOSEPH DESIMONE

v.

RESPONDENT:

EVERSANA LIFE SCIENCES SERVICES

Docket No. 201903847

1. The Complainant herein is:

   Name:      Joseph deSimone

   Address:   █████████████████

2. The Respondent herein is:

   Name:      EVERSANA Life Science Services

   Address:   790 Township Line Road, Suite 300
              Yardley, PA 19067

3. I, Joseph deSimone, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (63) as set forth below:

   **Discrimination**

   **A. I specifically allege:**

   [1]   I was hired by Respondent in or about March 2008.

   [2]   I had more than eleven (11) years of service at Respondent.

[3]     My birth date is April 14, 1956, and I am age sixty-three (63).

[4]     I consistently performed my job duties in a highly competent manner and received positive feedback.

[5]     I last held the position of Executive Director, Business Services.

[6]     I last reported to Janine Spaulding (48[1]), Vice President. Spaulding reported to Gregory Skalicky (40), Chief Revenue Officer.

[7]     In or about June 2019, I began reporting to Spaulding.

[8]     I was the oldest employee directly reporting to Spaulding.

[9]     I was one of the oldest employees indirectly reporting to Skalicky.

[10]    Neither Spaulding nor Skalicky had any role in my being hired at Respondent.

[11]    At the time of my termination, the following employees were directly reporting to Spaulding in the Executive Director, Business Services position: Amanda Aranha (32); Rebecca Mulato (45); and Danial Glober (52). I was more qualified to perform the position.

[12]    On February 5, 2020, in a meeting with Spaulding and Kevin Horak (48), Human Resources, Respondent terminated my employment, effective immediately. Before the termination meeting, I had no indication that my job was in jeopardy. The stated reason for my termination was job elimination.

[13]    Respondent's stated reason for terminating my employment is pretext.

[14]    Respondent terminated my employment because of my age.

[15]    Respondent offered no explanation, including the selection criteria, as to why I was terminated and the younger employees were retained.

---

[1] All ages herein are approximations.

[16]　Respondent retained all employees, other than me, in the Executive Director, Business Services position reporting to Spaulding—all of whom were substantially younger than me.

[17]　Respondent assigned my job duties to Aranha (32), Amy Campion (39), Vice President, Business Development, Mulato (45), and Glober (52). I was more qualified to perform my job duties than the substantially younger employees who were retained and assigned my job duties.

[18]　I had no disciplinary or performance issues throughout my employment.

[19]　Respondent did not offer me a downgraded position, a position with reduced pay, or any opportunity to remain employed with Respondent.

[20]　Brian Tucker (55), Senior Director, Business Development, and I were the only employees reporting to Spaulding that were terminated effective February 5, 2020.

[21]　According to Respondent's OWBPA list, I was the oldest employee in the Executive Director, Business Services position, and the only Executive Director, Business Services employee terminated on February 5, 2020.

[22]　Respondent retained all other Executive Director, Business Services employees when I was terminated— all of whom were substantially younger than me.

[23]　Respondent provided me with an OWBPA list, of the job titles and ages of other employees who were terminated and retained at the same time I was terminated, that failed to comply with the OWBPA, because, without limitation, it did not include several younger employees that Respondent retained when I was terminated.

[24]　Respondent's conduct evidences a bias against older employees.

B. Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (63), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    __X__ **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a)__**

    _____ Section 5.1 Subsection(s) _____

    _____ Section 5.2 Subsection(s) _____

    _____ Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    __X__ **This charge will be referred to the EEOC for the purpose of dual filing.**

6. The Complainant prays that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_3/2/20_
(Date Signed)

_[signature]_  Joseph deSimone
(Signature)

# Exhibit "2"

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Joseph DeSimone | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2020-61381 | **Damon A. Johnson,**<br>**State, Local & Tribal Program Manager** | (267) 589-9722 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter* (signature)

Dana R. Hutter,
Deputy Director

August 2, 2021
*(Date Issued)*

Enclosures(s)

cc:  **For Respondent:**
Owner/HR Manager
EVERSANA LIFE SCIENCES SERVICES, LLC
790 Township Line Road, Suite
Yardley, PA 19067

**For Charging Party:**
Brian C. Farrell, Esq.
Console Mattiacci Law, LLC
Via Email only: farrell@consolelaw.com